UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN M. HUTTEMANN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY BARBERICH, CHADWICK CORNELL, CYNTHIA FELDMANN, DOUGLAS GODSHALL, SETH HARRISON, RAY LARKIN, JR., STEPHEN OESTERLE, ROBERT STOCKMAN, ROBERT THOMAS, DENIS WADE, and HEARTWARE INTERNATIONAL, INC.,<br><br>Defendants. | Case No.: 1:16-cv-11618-DJC-MBB |

## [PROPOSED] ORDER SCHEDULING SETTLEMENT HEARING

Plaintiff has made an application, pursuant to Federal Rule of Civil Procedure 23, for entry of this Scheduling Order in accordance with a Stipulation of Settlement dated May 4, 2017 (the "Stipulation"), which, along with the defined terms therein, is incorporated herein by reference and which, together with the Exhibits thereto, sets forth the terms and conditions for the Settlement of the above-captioned action (the "Action") and for an Order and Final Judgment, among other things, dismissing all claims in the Action asserted by Plaintiff, on her own behalf and on behalf of the Class (as defined below) of HeartWare International, Inc. ("HeartWare") stockholders, with prejudice upon the terms and conditions set forth therein, and providing for the full and final resolution, release, dismissal, discharge and settlement of the Released Claims against the Released Persons; and the Court having read and considered the

Stipulation and the Exhibits thereto; and all Parties having consented to the entry of this Scheduling Order;[1]

IT IS HEREBY ORDERED, this 10th day of May, 2017, that:

1. For purposes of the Settlement only, and preliminarily for purposes of this Scheduling Order and pending the Settlement Hearing (as defined below), the Court preliminarily finds and concludes that: (a) the Class is so numerous that joinder of all Class members in the Action is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiff are typical of the claims of the Class; (d) the Plaintiff and Plaintiff's Counsel have fairly and adequately represented and protected the interests of all of the Class members; and (e) the prosecution of separate actions by members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendants; (f) the Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

2. The Action is provisionally certified as a class action pursuant to Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure on behalf of a non-opt-out class consisting of (the "Class"):

> All Persons who were record or beneficial holders of the common stock of HeartWare at any time during the period beginning on and including June 27, 2016 (the date of the Merger Agreement), through and including August 23, 2016 (the effective date of consummation of the Acquisition), including any and all of their respective legal representatives, heirs, successors, successors in interest, predecessors, predecessors in interest, trustees, executors, administrators, transferees, and assigns, and any person or entity

---

[1] The capitalized terms and words employed herein shall have the same meaning as they have in the Stipulation (certain of which are repeated herein for ease of reference only).

acting for or on behalf of, or claiming under, any such foregoing holders, immediate and remote, except for the Defendants.

If Final Approval of the Settlement is not granted by the Court, this preliminary certification of the Action as a class action shall be automatically vacated.

3. For purposes of the Settlement only, and preliminarily for purposes of this Scheduling Order, Plaintiff Carolyn M. Huttemann is provisionally appointed as Class representative, and Plaintiff's Counsel are appointed as Class counsel, pursuant to Federal Rule of Civil Procedure 23. Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23, the Court hereby finds that the Class representative and the Class counsel adequately represented the members of the Class in connection with the prosecution of the Action and in the Settlement. If Final Approval of the Settlement is not granted by the Court, the preliminary appointment of Plaintiff as Class representative, and Plaintiff's Counsel as Class counsel, shall be automatically vacated.

4. A hearing (the "Settlement Hearing") shall be held on 8/3/17, 2017, at 2:00 p.m. in the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210, to: (a) determine whether the provisional class action certification herein should be made final; (b) determine whether the Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, adequate, and in the best interests of Plaintiff and the Class and should be approved by the Court; (c) determine whether the approval of the Class representative and Class counsel should be made final; (d) determine whether Plaintiff and Plaintiff's Counsel have adequately represented the Class; (e) determine whether the Court should enter the Order and Final Judgment as provided in the Stipulation, dismissing with prejudice the claims asserted in the Action and releasing the Released Claims against the Released Persons; (f) hear the application by Plaintiff's Counsel for an award of

attorneys' fees and reimbursement of litigation expenses (the "Fee Application") of $290,000, inclusive of an incentive award to Plaintiff of $1,000; (g) hear and determine any objections to the Settlement or the Fee Application; and (h) rule on such other matters as the Court may deem appropriate.

5. The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof, including the hearing on the Fee Application, without further notice of any kind to the Class other than by oral announcement at the Settlement Hearing or any adjournment thereof.

6. The Court may approve the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties to the Stipulation, and may enter its Final Judgment dismissing the Action with prejudice and order the payment of attorneys' fees and expenses without further notice to the Class.

7. Members of the Class shall be bound by all determinations and judgments in this Action.

8. Notice.

(a) The Court approves, in form and content, the Notice of Pendency of Class Action, Stipulation of Settlement, Settlement Hearing, and Right to Appear (the "Notice"), substantially in the form attached to the Stipulation as Exhibit C, which shall be mailed to the members of the Class in the manner set forth herein.

(b) Within twenty (20) business days of the date of entry of this Scheduling Order, HeartWare or its successor(s) in interest shall cause a copy of the Notice to be mailed by United States mail, postage pre-paid, to all record holders that are members of the Class at their last-known address appearing in the stock records maintained by or on behalf of

HeartWare. All record holders who are not also the beneficial owners of the shares of HeartWare's common stock shall be directed to forward the Notice to the beneficial owners of those shares. HeartWare or its successor in interest shall use reasonable efforts to give notice to beneficial owners of HeartWare's stock by making additional copies of the Notice available to any record holder requesting the same for the purpose of distribution to beneficial owners and by mailing additional copies of the Notice to such Persons as reasonably requested by record holders who provide names and addresses for such beneficial holders. Heartware or its successor in interest shall pay all costs and expenses related to preparing and disseminating the Notice.

9. Seven business days before the Settlement Hearing, counsel for HeartWare shall file with the Court an appropriate affidavit or declaration with respect to preparing and mailing the Notice to the Settlement Class.

10. The form and method of notice specified in this Scheduling Order is hereby determined to constitute notice that is reasonably calculated, under the circumstances, to apprise the members of the Class of the pendency of the Action, of the effect of the Settlement (including the nature and scope of the releases contained therein) and of their rights to object to the Settlement and appear at the Settlement Hearing, as well as due, adequate and sufficient notice. The form and manner of the Notice is hereby determined to have been given in full compliance with each of the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, and all other applicable laws and rules.

11. Any member of the Class who objects to the Settlement and/or the Order and Final Judgment to be entered by the Court, and/or the Fee Application, or otherwise wishes to be heard, may appear personally or by counsel at the Settlement Hearing and present any

evidence or argument that may be proper and relevant; provided, however, that no member of the Class may be heard and no papers or briefs submitted by or on behalf of any member of the Class shall be received and considered, except by Order of the Court for good cause shown, unless, no later than fifteen (15) business days before the Settlement Hearing, copies of: (a) a written notice of intention to appear, identifying the name, address, email address, and telephone number of the objector and, if represented, their counsel; (b) a written detailed statement of such person's specific objections to any matter before the Court; (c) proof of membership in the Class, including a listing of all transactions in HeartWare common stock during the Class Period; (d) the grounds for such objections and any reasons for such Person's desiring to appear and be heard; and (e) all documents and writings such Person desires the Court to consider, are served by hand delivery, overnight mail, or electronic filing and service upon each of the following counsel:

> LEVI & KORSINSKY LLP
> Joseph Levi
> Michael H. Rosner
> Justin G. Sherman
> 30 Broad Street, 24th Floor
> New York, NY 10004
> (212) 363-7500 (t)
> (212) 363-7171 (f)
>
> MATORIN LAW OFFICE, LLC
> Mitchell J. Matorin
> 18 Grove Street, Suite 5
> Wellesley, MA 02482
> (781) 453-0100 (t)
> (888) 628-6746 (f)
>
> *Co-Lead Counsel for Plaintiff*
>
> WILMER CUTLER PICKERING HALE AND DORR LLP
> Daniel W. Halston
> Michael G. Bongiorno
> Lindsay Kosan

6

60 State Street
Boston, MA 02109
(617) 526-6000 (t)
(617) 526-5000 (f)

*Counsel for Defendants*

Such papers must also be filed by that day with the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210. Counsel for the parties may each file, at least three business days before the Settlement Hearing, a response to any validly filed objection.

12. Unless the Court otherwise directs, no member of the Class will be entitled to object to the approval of the Settlement, to the Order and Final Judgment to be entered in the Action, or the Fee Application, nor will he, she or it otherwise be entitled to be heard with respect to any aspect of the Settlement, except by serving and filing a written objection as described above. Any member of the Class who does not make his, her or its objection in the manner described above shall be deemed to have waived his, her or its right to object to the Settlement, the entry of the Order and Final Judgment, and/or the Fee Application, and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement (including the releases and liability protections for the Released Persons contained therein), the entry of the Order and Final Judgment, and/or the Fee Application, or from otherwise being heard with respect to any aspect of the Settlement, in this Action or in any other action or proceeding.

13. Plaintiff's Counsel shall file and serve papers in support of Final Approval of the Settlement and their Fee Application no later than ten (10) business days before the Settlement Hearing.

14. If the Court approves the Settlement provided for in the Stipulation following the Settlement Hearing, the Order and Final Judgment shall be entered substantially in the form attached to the Stipulation as Exhibit D.

15. If the Order and Final Judgment fails to become final, the Settlement is vacated as provided herein or by the terms of the Settlement, or if the Settlement is later reversed by any court of competent and valid jurisdiction or by successful collateral attack, then: (a) the terms and provisions of the Stipulation, shall have no further force and effect and shall not be used in any other proceeding for any purpose (including being offered as evidence) and the Parties and Released Persons shall be restored to their respective positions before execution of the MOU; (b) all releases delivered in connection with the Stipulation shall be null and void, except as otherwise provided for in the Stipulation; (c) the Fee and Expense Award shall not be paid or if already paid, then it shall be Plaintiff's Counsels' several obligation to make appropriate refunds to the Defendants within fifteen (15) business days; and (d) all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission, presumption, or concession by any of the Settling Parties of any act, matter or proposition, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence, or otherwise used in any matter for any purpose other than as provided expressly herein in the Action or in any other action or proceeding, *except* for any litigation or proceeding arising out of or relating to the MOU or this Stipulation, whether civil, criminal, or administrative.

16. Pending Final Approval of the Settlement: (a) all proceedings in this Action (other than those necessary to effectuate the Settlement) are stayed; (b) Defendants' time to answer or otherwise respond to the Complaint in the Action is extended until May 24, 2017,

pursuant to the Court's order; and (c) Plaintiff and all members of the Class, and any of them, either directly, representatively, derivatively, or in any other capacity, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons.

17. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendants or any Released Person; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or any Released Person, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to otherwise enforce this Stipulation of Settlement. If any Released Claims are asserted against any Released Person in any court before final Court approval of the settlement in the Action, or if any claims are asserted which challenge the settlement set forth in this Stipulation, the Merger Agreement, or any of the transactions contemplated by the Merger Agreement, the parties shall use their best efforts to effect a withdrawal or dismissal of the claims or oppose entry of any interim or final relief in favor of any Member of the Settlement Class.

18. The Court reserves the right to approve the Stipulation and the Settlement with modifications, to enter its Final Judgment dismissing the Action with prejudice and to order

the payment of attorneys' fees and expenses without further notice to the Class, and retains jurisdiction over the Action to consider all further applications arising out of or connected with the Settlement.

_____
DENISE J. CASPER
UNITED STATES DISTRICT JUDGE

Dated: __May 10__, 2017