**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| CAROLYN M. HUTTEMANN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY BARBERICH, CHADWICK CORNELL, CYNTHIA FELDMANN, DOUGLAS GODSHALL, SETH HARRISON, RAY LARKIN, JR., STEPHEN OESTERLE, ROBERT STOCKMAN, ROBERT THOMAS, DENIS WADE, and HEARTWARE INTERNATIONAL, INC.,<br><br>Defendants. | ) | **Case No.: 1:16-cv-11618-DJC-MBB** |

**NOTICE OF PENDENCY OF CLASS ACTION, STIPULATION OF <u>SETTLEMENT, SETTLEMENT HEARING, AND RIGHT TO APPEAR</u>**

**TO: ALL PERSONS WHO WERE RECORD OR BENEFICIAL HOLDERS OF THE COMMON STOCK OF HEARTWARE AT ANY TIME DURING THE PERIOD BEGINNING ON AND INCLUDING JUNE 27, 2016 (THE DATE OF THE MERGER AGREEMENT), THROUGH AND INCLUDING AUGUST 23, 2016 (THE EFFECTIVE DATE OF CONSUMMATION OF THE ACQUISITION), INCLUDING ANY AND ALL OF THEIR RESPECTIVE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, SUCCESSORS IN INTEREST, PREDECESSORS, PREDECESSORS IN INTEREST, TRUSTEES, EXECUTORS, ADMINISTRATORS, TRANSFEREES, AND ASSIGNS, AND ANY PERSON OR ENTITY ACTING FOR OR ON BEHALF OF, OR CLAIMING UNDER, ANY SUCH FOREGOING HOLDERS, IMMEDIATE AND REMOTE, EXCEPT FOR THE DEFENDANTS.**

**PLEASE READ ALL OF THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS ACTION. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT OF THE LITIGATION REFERRED TO IN THE CAPTION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS. IF THE COURT APPROVES THE PROPOSED SETTLEMENT DESCRIBED BELOW, YOU WILL BE FOREVER BARRED FROM CONTESTING THE FAIRNESS OF THE PROPOSED SETTLEMENT, OR PURSUING THE RELEASED CLAIMS (AS DEFINED HEREIN) AGAINST THE RELEASED PERSONS (AS DEFINED HEREIN).**

**SPECIAL NOTICE TO BROKERS, BANKS AND OTHER NOMINEES: BROKERAGE FIRMS, BANKS AND OTHER PERSONS OR ENTITIES, WHO WERE RECORD OWNERS OF HEARTWARE COMMON STOCK, BUT NOT BENEFICIAL OWNERS, ARE REQUESTED TO SEND THIS NOTICE PROMPTLY TO BENEFICIAL OWNERS. ADDITIONAL COPIES FOR TRANSMITTAL TO BENEFICIAL OWNERS ARE AVAILABLE ON REQUEST DIRECTED TO:**

**HeartWare Shareholder Litigation**
**c/o Garden City Group, LLC**
**PO Box 9349**
**Dublin, Ohio 43017-4249**

**PURPOSE OF NOTICE**

The purpose of this Notice is to inform you of the proposed settlement (the "Proposed Settlement")[1] of the above-captioned lawsuit (the "Action") pending in the United States District Court for the District of Massachusetts (the "Court"). This Notice also informs you of the Court's preliminary certification of a Class (the "Class," as defined below) for purposes of the Proposed Settlement, and notifies you of your right to participate in a hearing to be held on 8/3, 2017, at 2:00 p.m., before the Court in the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210 (the "Settlement Hearing"). The purposes of the Settlement Hearing are: (a) determine whether the provisional class action certification herein should be made final; (b) determine whether the Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, adequate, and in the best interests of Plaintiff and the Class and should be approved by the Court; (c) determine whether the approval of the Class representative and Class counsel should be made final; (d) determine whether Plaintiff and Plaintiff's Counsel have adequately represented the Class; (e) determine whether the Court should enter the Order and Final Judgment as provided in the Stipulation, dismissing with prejudice the claims asserted in the Action and releasing the Released Claims against the Released Persons; (f) hear the application by Plaintiff's Counsel for an award of attorneys' fees and reimbursement of litigation expenses inclusive of an incentive award for Plaintiff (the "Fee Application"); (g) hear and determine any objections to the Settlement or the Fee Application; and (h) rule on such other matters as the Court may deem appropriate.

[1] The capitalized terms and words employed herein shall have the same meaning as they have in the Stipulation of Settlement, dated May 4, 2017 (the "Stipulation") (certain of which are repeated herein for ease of reference only).

The Court has determined for purposes of this Proposed Settlement only that the Action shall be preliminarily maintained as a non-opt-out class action under Federal Rule of Civil Procedure 23, by Plaintiff as Class representative, on behalf of a non-opt-out Class consisting of:

> All Persons who were record or beneficial holders of the common stock of HeartWare at any time during the period beginning on and including June 27, 2016 (the date of the Merger Agreement), through and including August 23, 2016 (the effective date of consummation of the Acquisition), including any and all of their respective legal representatives, heirs, successors, successors in interest, predecessors, predecessors in interest, trustees, executors, administrators, transferees, and assigns, and any person or entity acting for or on behalf of, or claiming under, any such foregoing holders, immediate and remote, except for the Defendants.

At the Settlement Hearing, among other things, the Court will consider whether the Class should be finally certified under Federal Rule of Civil Procedure 23 and whether Plaintiff and Plaintiff's Counsel have adequately represented the Class. This Notice describes the rights you may have under the Proposed Settlement and what steps you may, but are not required to, take in relation to the Proposed Settlement. If the Court approves the Proposed Settlement, the parties to the Action will ask the Court at the Settlement Hearing, among other things, to enter an Order dismissing with prejudice the claims asserted in the Action and releasing the Released Claims against the Released Persons. If you are a Class Member, you will be bound by any judgment entered in the Action whether or not you actually receive this Notice. You may not opt out of the Class.

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT. IT IS BASED ON ALLEGATIONS OR STATEMENTS OF ONE OR MORE OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES. THIS NOTICE IS SENT FOR THE SOLE PURPOSE OF INFORMING YOU OF THE EXISTENCE OF THIS ACTION AND OF A HEARING ON A PROPOSED SETTLEMENT SO THAT YOU MAY MAKE APPROPRIATE DECISIONS AS TO STEPS YOU MAY WISH TO TAKE IN RELATION TO THIS LITIGATION.**

**BACKGROUND OF THE ACTION**

A. On June 27, 2016, Medtronic, Inc. and Medtronic Acquisition Corp. (collectively, "Medtronic") and HeartWare entered into an Agreement and Plan of Merger (the "Merger Agreement") providing that Medtronic would commence a tender offer (the "Offer") to purchase all of the issued and outstanding shares of HeartWare common stock ($0.001 par value) at a price of $58.00 per share in cash. On July 26, 2016, Medtronic launched its tender offer, and HeartWare filed a Solicitation Statement (the "Schedule 14D-9") with the United States Securities and Exchange Commission ("SEC").

B. On August 8, 2016, Plaintiff filed a putative class action complaint, individually and on behalf of all others similarly situated, against HeartWare and the members of the Board of Directors of HeartWare (collectively, the "Defendants") in the United States District Court for the District of Massachusetts alleging violations of Sections 14(d)(4), 14(e), and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 14d-9, and breaches of fiduciary duty under Delaware law (the "Complaint"). The Complaint sought, among other things, to enjoin the Acquisition, or if the Acquisition was consummated, to rescind it. Plaintiff and Defendants shall be referred to, collectively, as the "Parties," and the case shall be referred to as the "Action."

C. On August 11, 2016, Plaintiff filed a Motion For Temporary Restraining Order And Order To Show Cause Regarding Preliminary Injunction seeking to restrain and enjoin Defendants from completing the Offer and prohibiting HeartWare from being sold to Medtronic, Inc. and its affiliates for $58.00 per share until after Defendants provided certain supplemental disclosures. Plaintiff's motion was set for a hearing before this Court on August 17, 2016.

D. In connection with prosecuting the Action, Plaintiff engaged and consulted with a financial and valuation expert. After Plaintiff investigated her claims, evaluated the Company's public filings and other publicly available information, and consulted with her financial expert, Plaintiff engaged in arm's-length negotiations concerning a possible settlement of the Action.

E. As a result of good faith discussions and arm's length negotiations, the parties entered into a Memorandum of Understanding ("MOU") on August 16, 2016, pursuant to which Defendants agreed to disseminate the Supplemental Disclosures to HeartWare shareholders in an amended Schedule 14D-9 in advance of the expiration of the tender offer.

F. On August 16, 2016, HeartWare filed with the SEC an amended Schedule 14D-9 containing the agreed-to Supplemental Disclosures as called for by the MOU and made the information contained therein available on its website. A copy of the Supplemental Disclosures is attached hereto as Exhibit A.

G. On August 22, 2016, the tender offer closed and, on August 23, 2016, Medtronic completed its acquisition of HeartWare as contemplated in the Merger Agreement. Plaintiff obtained from Defendants confidential confirmatory Discovery Material subject to a protective order to confirm the fairness, reasonableness and adequacy of the settlement.

H. The settlement set forth herein reflects the results of the parties' negotiations, confirmatory discovery, and the terms of the MOU. An agreement-in-principle was reached only after arm's-length negotiations between the parties, all of whom were represented by counsel with extensive experience in stockholder class-action litigation. During the negotiations, all parties had a clear view of the strengths and weaknesses of their respective claims and defenses. Counsel for the parties have engaged in further good faith arm's-length

negotiations to agree upon this formal Stipulation and the form and content of the exhibits hereto, including but not limited to the notice to members of the Class (as defined below).

I. Plaintiff and her counsel have concluded that the additional disclosures provided HeartWare stockholders with information sufficient to decide whether to accept or reject the tender offer or assert appraisal rights under Delaware law. Plaintiff and her counsel believe that the settlement is in the best interest of the Settlement Class.

J. On May 4, 2017, counsel for the parties filed an executed copy of the Stipulation with the Court.

K. On May 10, 2017, the Court entered the Scheduling Order.

**SETTLEMENT CONSIDERATION**

In consideration of the Settlement, dismissal with prejudice of the Action, and the releases provided herein, HeartWare included certain additional disclosures in Amendment No. 2 to the Schedule 14D-9 filed with the SEC on August 16, 2016. A copy of the Supplemental Disclosures is attached hereto as Exhibit A. Without admitting any wrongdoing, the Defendants acknowledge that the filing and prosecution of the Action and discussions with Plaintiff's Counsel were the sole cause of their decision to file the amended Schedule 14D-9. Neither Plaintiff nor Plaintiff's Counsel will seek additional disclosures as a condition of this Settlement.

**RELEASE OF CLAIMS**

The Stipulation provides, among other things, that if the Proposed Settlement is approved, as of the Effective Date of the Stipulation, the Released Claims (defined below) shall be dismissed with prejudice and without costs.

The Stipulation also provides that, if the Proposed Settlement is approved, as of the Effective Date of the Stipulation, Plaintiff and all members of the Class, and their respective legal representatives, heirs, successors, successors in interest, predecessors, predecessors in

interest, trustees, executors, administrators, transferees, and assigns, and any person or entity acting for or on behalf of, or claiming under, any such foregoing holders, immediate and remote, by operation of the Judgment shall release and forever discharge all the Released Claims as against all Released Persons (defined below).

The Stipulation also provides that, if the Proposed Settlement is approved, as of the Effective Date, Plaintiff and all members of the Class will be forever barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons. As provided in the Stipulation, "Released Claims" means both the Released Class Claims and the Released Plaintiff's Claims. However, the Released Claims shall not include: (i) the right of any Member of the Settlement Class to pursue a properly perfected claim for appraisal pursuant to § 262 of the Delaware General Corporation Law; (ii) the right of any party to enforce in the Court the terms of the Stipulation; or (iii) any claims of the Class under the federal securities laws that do not arise out of, or relate to, the Acquisition, the Merger Agreement, the consideration offered to HeartWare stockholders in the Acquisition, the Solicitation Statement, or any other disclosures made in connection therewith (including the adequacy of completeness of such disclosures) or the Supplemental Disclosure. Upon Final Approval of the Settlement, Plaintiff and any and all of the members of the Class shall be forever and fully barred from asserting Released Claims against the Released Persons in any court or other venue in any manner whatsoever.

As provided in the Stipulation, "Released Persons" means Defendants, Medtronic or any of their respective families, parent entities, controlling persons, associates, affiliates or subsidiaries, and each and all of their respective past or present officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants,

accountants, investment bankers, commercial bankers, entities providing fairness opinions, insurers, underwriters, brokers, dealers, advisors or agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors, or assigns, and any of their affiliates and their respective control persons, directors, officers, employees, and agents of each and any of them.

With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiff shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived and relinquished, to the extent applicable, and to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, any federal law or regulation, or any principle of common law or international or foreign law that may have the effect of limiting this Stipulation of Settlement, including provisions similar, comparable or equivalent to California Civil Code § 1542. The Plaintiff and each Settlement Class Member may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Plaintiff shall expressly have and each Settlement Class Member, upon the Effective Date, shall be

deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an integral and material element of the settlement of which this release is a part, and was relied upon by each and all of the Defendants in entering into this Stipulation.

Upon execution of the Stipulation, each of the Released Persons shall be deemed to have, fully, finally, and forever released, relinquished, and discharged, Plaintiff, each and all of the Settlement Class Members, and Plaintiff's Counsel from all claims, sanctions, liabilities, allegations, complaints or petitions (including Unknown Claims) arising out of, relating to, or in connection with, directly or indirectly, the investigation, institution, prosecution, litigation, assertion, settlement or resolution of the Action ("Released Defendants' Claims"), provided, however, that the Defendants and Released Persons shall retain the right to enforce the terms of the Settlement as set forth in this Stipulation.

**REASONS FOR THE SETTLEMENT**

Plaintiff believes that the claims asserted in the Action have merit. However, Plaintiff recognizes the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial and appeals. Plaintiff also has taken into account the uncertain outcome, inherent problems of proof, and the risk of any litigation, especially in

complex actions such as this Action, as well as the difficulties and delays inherent in such litigation. Plaintiff also is mindful of the possible defenses to the claims asserted in the Action. Plaintiff believes that the Supplemental Disclosures confer substantial benefits on the Settlement Class. Based on their evaluation, Plaintiff and her counsel have determined that the settlement set forth in this Stipulation is in the best interests of the Settlement Class. Defendants and their counsel acknowledge that Plaintiff and her counsel were the sole cause of the Supplemental Disclosures, and that the Supplemental Disclosures conferred a substantial benefit upon the Settlement Class. The Defendants have vigorously denied, and continue vigorously to deny, any wrongdoing or liability with respect to all claims asserted in the Action, including that they have committed any violations of law, that they have acted improperly in any way, and that they have any liability or owe any damages of any kind to the Plaintiff or the Members of the Settlement Class, and further maintain that they diligently and scrupulously complied with their fiduciary and other legal duties, to the extent such duties exist. The Defendants specifically have denied and continue to deny that the Supplemental Disclosures described herein or any Supplemental Disclosures were required under any applicable rule, statute, regulation, or law. Defendants entered into the MOU and are executing this Stipulation solely because they consider it desirable that the Action be settled and dismissed with prejudice to: (i) eliminate the burden, inconvenience, expense, uncertainties and distraction of further litigation; and (ii) put to rest and terminate all the claims that were or could have been asserted against the Defendants in the Action.

**PLAINTIFF'S ATTORNEYS' FEES AND EXPENSES**

After agreeing to all of the substantive terms of settlement contained in this Stipulation, the Settling Parties negotiated the amount of attorneys' fees and expenses that, subject to Court approval, would be paid to Plaintiff's Counsel. As a result of the negotiations, HeartWare (or

any successor thereto), on behalf of Defendants, has agreed to pay, or cause to be paid, $290,000 for Plaintiff's Counsels' fees and expenses, if and solely to the extent that such Attorneys' Fee Award does not exceed $290,000, and subject to approval by this Court. Plaintiff's Counsel shall pay to Plaintiff $1,000 out of any such Attorneys' Fee Award as an incentive award. Notwithstanding anything to the contrary in the Stipulation, in no event shall HeartWare or its successors be obliged to pay to Plaintiff, the Settlement Class or Plaintiff's Counsel any amount in excess of $290,000 for attorneys' fees, costs, and expenses in connection with the Action (other than those incurred in disseminating the Notice, which shall be prepared and mailed at HeartWare's expense), and in no event shall any Defendant other than HeartWare or its successors be obliged to pay any part of the Attorneys' Fee Award or any of Plaintiff's attorneys' fees, costs, and expenses. The settlement, however, is not in any way conditioned on the Court granting an Attorneys' Fee Award, whether in the amount agreed upon herein or any particular amount. Except for such Attorneys' Fee Award and the costs incurred in providing notice to the Settlement Class as provided for in this Stipulation, there shall be no obligation on the part of any Person to pay any fees, costs, or expenses, including attorneys' fees, to Plaintiff's Counsel or to Plaintiff or any other Member of the Settlement Class.

The Fee Application shall be Plaintiff's and/or Plaintiff's Counsels' sole application for an award of fees or expenses in connection with any litigation concerning the Merger.

Such Attorneys' Fee Award shall be paid, or caused to be paid, by HeartWare (or its successors) and its insurers, on behalf of Defendants, to an account designated by Plaintiff's Counsel within fourteen (14) calendar days of the entry by the Court of both the Judgment and the Attorneys' Fee Award. Any such payments shall be made subject to Plaintiff's Counsels' respective obligations, jointly and severally, to make refunds or repayment to HeartWare (or any

successor entity) of all amounts received plus interest earned thereon, if any specified condition to the Settlement is not satisfied, if the award order does not become final, if the Settlement itself is voided by any party as provided in the Stipulation, or, if as a result of any appeal and/or further proceedings on remand, or successful collateral attack, any dismissal order is reversed or the fee or costs award is reduced or reversed. Payment by or on behalf of HeartWare (or any successor entity or issuer) of the attorneys' fees and expenses to Plaintiff's Counsel will discharge in full any obligation of HeartWare or its successors to pay any and all attorneys' fees or expenses for any and all attorneys representing Plaintiff or the Settlement Class. At least twenty (20) days prior to any hearing by this Court on Plaintiff's Counsels' claim for attorneys' fees, Plaintiff's Counsel shall provide HeartWare with an executed IRS Form W-9 and wire transfer instructions for any award of fees and expenses that may be ordered by this Court. Except as provided herein, the Released Persons shall bear no other expenses, costs, damages, or fees alleged or incurred by the named Plaintiff, by any member of the Class, or by any of their attorneys, experts, advisors, agents, or representatives.

**TERMINATION PROVISIONS**

The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events: (a) the Court has entered the Preliminary Approval Order, as required by ¶ 3.1 of the Stipulation; (b) Defendants have not exercised their right to terminate the Stipulation pursuant to ¶ 6.3 thereof; (c) this Court has entered the Judgment, or a judgment substantially in the form of Exhibit D attached hereto; and (d) the Judgment or a judgment substantially in the form of Exhibit D attached hereto has become Final as defined in ¶ 1.7 of the Stipulation.

If the above conditions are not satisfied, then the Stipulation shall be canceled and terminated subject to the below paragraph, unless Plaintiff's Counsel and counsel for Defendants

mutually agree in writing to proceed with the Stipulation within fifteen (15) business days after receiving notice that either or both conditions are not satisfied.

Defendants shall have the right to withdraw from the Stipulation if any Released Claim is commenced or prosecuted against any of the Defendants in any court before Final Approval of the settlement, and (following a motion by the Defendants) any such claim is not dismissed with prejudice, and if any such claim is commenced or prosecuted against any of the Defendants, the Plaintiff and Defendants shall cooperate and use best efforts to secure the dismissal with prejudice (or a stay in contemplation of dismissal with prejudice, following the Final Approval of the settlement) thereof.

If the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated in accordance with its terms, then the terms and provisions of the Stipulation (including the recitals set forth above), shall have no further force and effect and shall not be used in any other proceeding for any purpose (including being offered as evidence), and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, except that the covenant not to sue provided by Plaintiff in ¶ 7.3 of the Stipulation, the release set forth in ¶ 4.1 of the Stipulation, and the release set forth in ¶ 4.3 of the Stipulation to the extent such release is provided to Plaintiff shall survive and remain in full force and effect regardless of whether the Stipulation is or is not approved by the Court or the Settlement set forth in the Stipulation is or is not terminated in accordance with its terms.

## CLASS ACTION DETERMINATION

For purposes of this Proposed Settlement, the Court has ordered that the Action shall be preliminarily maintained as a non-opt-out class action under Federal Rule of Civil Procedure 23, on behalf of the Class (as defined above).

**SETTLEMENT HEARING**

The Court has scheduled a Settlement Hearing, which will be held on 8/3/17, 2017, at 2:00 p.m. (the "Settlement Hearing Date"), in the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210 to: (a) determine whether the provisional class action certification herein should be made final; (b) determine whether the Proposed Settlement, on the terms and conditions provided for in the Stipulation, is fair, reasonable, adequate, and in the best interests of Plaintiff and the Class and should be approved by the Court; (c) determine whether the approval of the Class representative and Class counsel should be made final; (d) determine whether Plaintiff and Plaintiff's Counsel have adequately represented the Class; (e) determine whether the Court should enter the Order and Final Judgment as provided in the Stipulation, dismissing with prejudice the claims asserted in the Action and releasing the Released Claims against the Released Persons; (f) hear the application by Plaintiff's Counsel for an award of attorneys' fees and reimbursement of litigation expenses (the "Fee Application"); (g) hear and determine any objections to the Proposed Settlement or the Fee Application; and (h) rule on such other matters as the Court may deem appropriate.

The Court has reserved the right to adjourn the Settlement Hearing or any adjournment thereof, including the hearing on the Fee Application, without further notice of any kind to the Class other than by oral announcement at the Settlement Hearing or any adjournment thereof. The Court has also reserved the right to approve the Proposed Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties to the Stipulation, to enter its Final Judgment dismissing the Action with prejudice and to order the payment of attorneys' fees and expenses without further notice to the Class.

**RIGHT TO APPEAR AND OBJECT**

Any member of the Class who objects to the Proposed Settlement and/or the Order and Final Judgment to be entered by the Court, and/or the Fee Application, or otherwise wishes to be heard, may appear personally or by counsel at the Settlement Hearing and present any evidence or argument that may be proper and relevant; provided, however, that no member of the Class may be heard and no papers or briefs submitted by or on behalf of any member of the Class shall be received and considered, except by Order of the Court for good cause shown, unless, no later than fifteen (15) business days prior to the Settlement Hearing, copies of: (a) a written notice of intention to appear, identifying the name, address, email address, and telephone number of the objector and, if represented, their counsel; (b) a written detailed statement of such person's specific objections to any matter before the Court; (c) proof of membership in the Class, including a listing of all transactions in HeartWare common stock during the Class Period; (d) the grounds for such objections and any reasons for such person's desiring to appear and be heard; and (e) all documents and writings such person desires the Court to consider, are served by hand delivery, overnight mail, or electronic filing and service upon each of the following counsel:

**LEVI & KORSINSKY LLP**
Joseph Levi
Michael H. Rosner
Justin G. Sherman
30 Broad Street, 24th Floor
New York, NY 10004
(212) 363-7500 (t)
(212) 363-7171 (f)

**MATORIN LAW OFFICE, LLC**
Mitchell J. Matorin
18 Grove Street, Suite 5
Wellesley, MA 02482
(781) 453-0100 (t)

(888) 628-6746 (f)

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Daniel W. Halston
Michael G. Bongiorno
Lindsay Kosan
60 State Street
Boston, MA 02109
(617) 526-6000 (t)
(617) 526-5000 (f)

Such papers must also be filed by that day with the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210.

Any Class Member who does not object to the Proposed Settlement or the request by Plaintiff's Counsel for an award of attorneys' fees and expenses need not take any action with respect to this notice or this Proposed Settlement.

Unless the Court otherwise directs, no member of the Class will be entitled to object to the approval of the Proposed Settlement, to the Order and Final Judgment to be entered in the Action, or the Fee Application, nor will he, she or it otherwise be entitled to be heard with respect to any aspect of the Proposed Settlement, except by serving and filing a written objection as described above. Any member of the Class who does not make his, her or its objection in the manner described above shall be deemed to have waived his, her or its right to object to the Proposed Settlement, the entry of the Order and Final Judgment, and/or the Fee Application, and shall forever be barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Proposed Settlement (including the releases and liability protections for the Released Persons contained therein), the entry of the Order and Final Judgment, and/or the Fee Application, or from otherwise being heard with respect to any aspect of the Proposed Settlement, in the Action or in any other action or proceeding.

## THE ACTION IS STAYED

Pursuant to the Order for Notice and Scheduling of Hearing on Settlement, pending final determination of whether the Settlement and Stipulation should be approved, all of the Plaintiff and Settlement Class Members are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons. Pending Final Approval of the Settlement all proceedings in this Action (other than those necessary to effectuate the Settlement) are stayed.

## ORDER AND JUDGMENT OF THE COURT

If the Court determines that the Settlement, as provided for in the Stipulation, is fair, reasonable, adequate and in the best interests of the Class, the Parties will ask the Court to enter an Order and Final Judgment, which will, among other things:

A. Determine that the form and method of Notice constitutes notice that is reasonably calculated, under the circumstances, to apprise the members of the Class of the pendency of the Action, of the effect of the Settlement (including the nature and scope of the releases contained therein) and of their rights to object to the Settlement and appear at the Settlement Hearing, as well as due, adequate and sufficient notice. The form and manner of the Notice is hereby determined to have been given in full compliance with each of the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq*., and all other applicable laws and rules.

B. Determine that all members of the Class are bound by the Order and Final Judgment;

C. Determine that the Action is a proper class action pursuant to Federal Rule of Civil Procedure 23 and finally certify the Class;

D. Determine that the Settlement is fair, reasonable, adequate, and in the best interests of Plaintiff and the Class;

E. Approve and effectuate the releases provided for in the Stipulation;

F. Bar and enjoin Plaintiff and the Class from instituting, commencing, or prosecuting any and all Released Claims against all Released Persons;

G. Award Plaintiff's Counsel fair and reasonable attorneys' fees and expenses; and

H. Provide that the terms of the Settlement and of this Order and Final Judgment shall be forever binding on the Plaintiff, Defendants and members of the Class and shall have *res judicata* and other preclusive effect in all pending and future claims, litigation or other proceedings maintained by or on behalf of the Plaintiff, any Class member, or the Defendants to the extent those claims, litigation or other proceedings involve any of the Released Claims or Released Defendants' Claims.

**NOTICE TO PERSONS OR ENTITIES HOLDING OWNERSHIP ON BEHALF OF OTHERS**

Brokerage firms, banks and/or other persons or entities who held shares of the common stock of HeartWare during the period from and including June 27, 2016 through and including August 23, 2016 for the benefit of others are directed promptly to send this Notice to all of their respective beneficial owners. If additional copies of the Notice are needed for forwarding to such beneficial owners, any requests for such copies may be made to:

HeartWare Shareholder Litigation
c/o Garden City Group, LLC
PO Box 9349
Dublin, Ohio 43017-4249

**SCOPE OF THE NOTICE**

This Notice is not all-inclusive. The references in this Notice to the Stipulation and other papers and proceedings are only summaries and do not purport to be comprehensive. For the full

details of the Action, claims that have been asserted by the parties, and the terms and conditions of the Proposed Settlement, including a complete copy of the Stipulation, members of the Class are referred to the Court files in the Action. You or your attorney may examine the Court files from the Action during regular business hours of each business day at the office of the Clerk of Court, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210.

Questions or comments regarding the Proposed Settlement may be directed to Plaintiff's Counsel:

**LEVI & KORSINSKY LLP**
Michael H. Rosner
Justin G. Sherman
30 Broad Street, 24th Floor
New York, NY 10004
(212) 363-7500 (t)
(212) 363-7171 (f)

**MATORIN LAW OFFICE, LLC**
Mitchell J. Matorin
18 Grove Street, Suite 5
Wellesley, MA 02482
(781) 453-0100 (t)
(888) 628-6746 (f)

PLEASE DO NOT WRITE TO OR TELEPHONE THE COURT.

BY ORDER OF THE COURT

Denise J. Casper
DENISE J. CASPER
UNITED STATES DISTRICT JUDGE

Dated: May 10, 2017