UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN M. HUTTEMANN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY BARBERICH, CHADWICK CORNELL, CYNTHIA FELDMANN, DOUGLAS GODSHALL, SETH HARRISON, RAY LARKIN, JR., STEPHEN OESTERLE, ROBERT STOCKMAN, ROBERT THOMAS, DENIS WADE, and HEARTWARE INTERNATIONAL, INC.,<br><br>Defendants. | Case No.: 1:16-cv-11618-DJC-MBB |

## ORDER AND FINAL JUDGMENT

**WHEREAS**, a hearing having been held before this Court on September 26, 2017, pursuant to this Court's Scheduling Order dated May 18, 2017 (the "Scheduling Order"), upon a Stipulation of Settlement dated May 4, 2017 (the "Stipulation"),[1] filed in the above-captioned action (the "Action");

**WHEREAS**, it appearing that due notice of said hearing has been given in accordance with the aforesaid Scheduling Order;

**WHEREAS**, the respective Parties having appeared by their attorneys of record, an opportunity to be heard having been given to all other Persons requesting to be heard in accordance with the Scheduling Order and the Court having heard and considered evidence in support of the Settlement set forth in the Stipulation (the "Settlement");

---

[1] The capitalized terms and words employed herein shall have the same meaning as they have in the Stipulation (certain of which are repeated herein for ease of reference only).

**WHEREAS,** the Court having determined that notice to the Class was adequate and sufficient and that all requirements of due process have been complied with; the Class has been adequately represented; and the entire matter of the Settlement having been heard and considered by the Court;

**IT IS HEREBY ORDERED,** this 26th day of September, 2017, as follows:

1. The Court has jurisdiction over the subject matter of the Action, the Plaintiff, all Class (as defined below) members, and the Defendants.

2. This Order and Final Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May 4, 2017; and (b) the Notice of Pendency of Class Action, Stipulation of Settlement, Settlement Hearing, and Right to Appear (the "Notice") filed with the Court on May 4, 2017.

3. The Notice has been provided to the Class pursuant to, and in the manner directed by, the Scheduling Order; proof of compliance with the notice procedures directed by the Scheduling Order has been filed with the Court; and full opportunity to be heard has been offered to all Parties, the members of the Class, and Persons requesting to be heard.

4. The Court finds that the Notice, and the dissemination and distribution thereof were implemented in accordance with the Scheduling Order. The form and manner of the Notice is hereby determined to constitute notice that is reasonably calculated, under the circumstances, to apprise the members of the Class of the pendency of the Action, of the effect of the Settlement (including the nature and scope of the releases contained therein) and of their rights to object to the Settlement and appear at the Settlement Hearing, as well as due, adequate and sufficient notice. The form and manner of the Notice is hereby determined to have been given in full compliance with each of the requirements of due process, Rule 23 of the Federal Rules of Civil

Procedure, the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.*, and all other applicable laws and rules. It is further determined that all members of the Class are bound by this Order and Final Judgment.

5. Defendants have filed a Declaration of Compliance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. Defendants timely mailed notice of the settlement to the Attorney General of the United States of America and the attorneys general of all 50 states, the District of Columbia, American Samoa, Guam, the Northern Mariana Islands, Puerto Rico, and the Virgin Islands pursuant to 28 U.S.C. § 1715(b). The notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

6. For purposes of the Settlement, the Court finds that the Action is a proper class action pursuant to Rule 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure and hereby finally certifies the non-opt-out Class as consisting of:

> All Persons who were record or beneficial holders of the common stock of HeartWare at any time during the period beginning on and including June 27, 2016 (the date of the Merger Agreement), through and including August 23, 2016 (the effective date of consummation of the Acquisition), including any and all of their respective legal representatives, heirs, successors, successors in interest, predecessors, predecessors in interest, trustees, executors, administrators, transferees, and assigns, and any person or entity acting for or on behalf of, or claiming under, any such foregoing holders, immediate and remote, except for the Defendants.

7. Based on the record in the Action, the Class satisfies the provisions of Rules 23(a), 23(b)(1) and 23(b)(2) of the Federal Rules of Civil Procedure as a non-opt-out class. Specifically, this Court finds that: (a) the Class is so numerous that joinder of all Class members in the Action is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiff are typical of the claims of the Class; (d) the Plaintiff and Plaintiff's Counsel

have fairly and adequately represented and protected the interests of all of the Class members; and (e) the prosecution of separate actions by members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendants; (f) the Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

8. For purposes of the Settlement, Plaintiff Carolyn M. Huttemann is finally appointed as Class representative, and Plaintiff's Counsel are finally appointed as Class counsel, pursuant to Federal Rule of Civil Procedure 23. Pursuant to, and in accordance with, Federal Rule of Civil Procedure 23, this Court hereby finds that the Class representative and the Class counsel have fairly and adequately represented and protected the interests of all of the members of the Class in connection with the prosecution of the Action and in the Settlement.

9. Pursuant to, and in accordance with, Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby finds that the Settlement set forth in the Stipulation is in all respects fair, reasonable, adequate, and in the best interests of Plaintiff and the Class. The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the respective Parties. Accordingly, this Court fully and finally approves the Settlement set forth in the Stipulation in all respects (including the releases contained therein and the dismissal with prejudice of any and all Released Claims against each and every one of the Released Persons) and the Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

10. The Action and all Released Claims in the Action are hereby dismissed with prejudice as against the Released Persons. The Parties shall bear their own costs and expenses, except as otherwise provided in the Stipulation and in this Order.

11. The terms of the Stipulation and of this Order and Final Judgment shall forever be binding on each and every one of the Plaintiff, members of the Class, Released Persons, and their counsel.

12. The releases as set forth in Paragraph 4 of the Stipulation (the "Releases") are expressly incorporated herein in all respects. Accordingly, this Court orders that, upon the Effective Date: Plaintiff shall be deemed to have fully, finally, and forever settled, released, discharged, extinguished and dismissed with prejudice, completely the Released Plaintiff's Claims (including Unknown Claims) against the Released Persons and shall forever be enjoined from prosecuting such claims; members of the Settlement Class shall be deemed to have fully, finally, and forever settled, released, discharged, extinguished and dismissed with prejudice, completely, individually, and collectively the Released Class Claims (including Unknown Claims) against the Released Persons (the Released Plaintiff's Claims and the Released Class Claims are together referred to as the "Released Claims"); each of the Released Persons shall be deemed to have, fully, finally, and forever released, relinquished, and discharged, Plaintiff, each and all of the Settlement Class Members, and Plaintiff's Counsel from all claims, sanctions, liabilities, allegations, complaints or petitions (including Unknown Claims) arising out of, relating to, or in connection with, directly or indirectly, the investigation, institution, prosecution, litigation, assertion, settlement or resolution of the Action ("Released Defendants' Claims").

The release contemplated by the Settlement extends to claims that the Plaintiff, for herself and on behalf of the Class, the Company and its stockholders, do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, Plaintiff, Plaintiff's Counsel or any other Member of the Settlement Class which, if known, might have affected the releasing parties' decision to enter into the release. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiff shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived and relinquished, to the extent applicable, and to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, any federal law or regulation, or any principle of common law or international or foreign law that may have the effect of limiting this Stipulation of Settlement, including provisions similar, comparable or equivalent to California Civil Code § 1542. The Plaintiff and each Settlement Class Member may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but the Plaintiff shall expressly have and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or

non-contingent, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an integral and material element of the settlement of which this release is a part, and was relied upon by each and all of the Defendants in entering into this Stipulation

        (a)    By operation of this Order and Final Judgment, Plaintiff and Settlement Class Members are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Persons.

        (b)    Each and every one of the Released Claims are hereby compromised, resolved, released, waived, discharged, settled, and dismissed as against the Released Persons with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

        (c)    By operation of this Order and Final Judgment, each of the Released Persons shall be deemed to have, fully, finally, and forever released, relinquished, and discharged, Plaintiff, each and all of the Settlement Class Members, and Plaintiff's Counsel from all claims, sanctions, liabilities, allegations, complaints or petitions (including Unknown Claims) arising out of, relating to, or in connection with, directly or indirectly, the investigation, institution, prosecution, litigation, assertion, settlement or resolution of the Action ("Released Defendants'

Claims"), provided, however, that the Defendants and Released Persons shall retain the right to enforce the terms of the Settlement as set forth in this Stipulation.

13. The terms of the Settlement and of this Order and Final Judgment shall be forever binding on the Plaintiff, Defendants and members of the Class and shall have *res judicata* and other preclusive effect in all pending and future claims, litigation or other proceedings maintained by or on behalf of the Plaintiff, any Class member, or the Defendants to the extent those claims, litigation or other proceedings involve any of the Released Claims or Released Defendants' Claims.

14. Plaintiff's Counsel is hereby awarded attorneys' fees and expenses in the amount of $290,000, which amount the Court finds to be fair and reasonable and which shall be paid to Plaintiff's Counsel in accordance with the terms of the Stipulation. Plaintiff's Counsel shall deliver $1,000 out of this amount to Plaintiff as an incentive award in recognition of Plaintiff's service in this representative litigation. The effectiveness of this Order and Final Judgment and the obligations of Plaintiff and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Plaintiff's Counsels' application for an award of attorneys' fees and expenses, or of the incentive award to Plaintiff. Any such payments shall be made subject to Plaintiff's Counsels' respective obligations, jointly and severally, to make refunds or repayment to HeartWare (or any successor entity) of all amounts received plus interest earned thereon, if any specified condition to the Settlement is not satisfied, if the award order does not become final, if the Settlement itself is voided by any party as provided in the Stipulation, or, if as a result of any appeal and/or further proceedings on remand, or successful collateral attack, any dismissal order is reversed or the fee or costs award is reduced or reversed.

15. The effectiveness of the provisions of this Order and Final Judgment and the obligations of the Parties under the Settlement shall not depend on, be conditioned on, or subject in any way to, the resolution of any orders, proceedings, rulings, consideration, appeals or other matters concerning, relating to, based upon or arising out of the Fee Application (including any agreement between Plaintiff's Counsel as to the allocation of any award of attorneys' fees or any incentive award to the named Plaintiff).

16. Without affecting the finality of this Order and Final Judgment, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation and the terms of this Order and Final Judgment, including the resolution of any disputes that may arise with respect to the effectuation of any of the provisions of the Stipulation, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment, and other matters related or ancillary to the foregoing, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

17. This Order and Final Judgment, the facts and terms of the Settlement and Stipulation (including all of its provisions and exhibits thereto) as well as all negotiations, discussions, acts performed, statements made, agreements, drafts, documents prepared and proceedings in connection therewith:

(a) shall not be described as, construed as, interpreted as, or offered or received against Defendants or any Released Person as evidence of and/or deemed to be evidence of any presumption, concession or admission by Defendants or any Released Person as to: (i) the truth of any fact alleged in the Complaint; (ii) the validity of any claim that has been or could have

been asserted in the Action; (iii) the deficiency of any defense that has been or could have been asserted in the Action; and/or (iv) any fault, liability, negligence, fault, or wrongdoing on their part;

(b) shall not be described as, construed as, interpreted as or offered or received against Plaintiff or any member of the Class as evidence of any infirmity in the claims of Plaintiff or the Class; and

(c) shall not be deemed or used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of the Defendants or any Released Person; or (b) deemed or used as an admission of, or evidence of, any fault or omission of any of the Defendants or any Released Person, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Settlement or this Order and Final Judgment.

18. Nothing in this Order and Final Judgment shall preclude any action to enforce the terms of the Stipulation or this Order and Final Judgment. Notwithstanding Paragraph 17, any of the Released Persons or Plaintiff may file, cite and/or refer to the Stipulation and/or this Order and Final Judgment in any other action, proceeding or forum that may be brought against them in order to effectuate the release and other liability protections provided thereby, or to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to otherwise enforce this Stipulation of Settlement.

19. The Court finds and concludes that the parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

20. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

_____
DENISE J. CASPER
UNITED STATES DISTRICT JUDGE

Dated: September 26, 2017